UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| MATTHEW VINCENT SALINAS, | ) 1:11-cv—00020-OWW-SMS-HC |
| Petitioner, | ) ORDER GRANTING PETITIONER'S ) MOTION FOR VOLUNTARY DISMISAL OF ) THE PETITION (DOC. 10) |
| v. | ) |
| MATTHEW CATE, | ) ORDER DISMISSING THE PETITION ) WITHOUT PREJUDICE (DOC. 1) ) AND DIRECTING THE CLERK TO |
| Respondent. | ) CLOSE THE ACTION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Petitioner's motion to dismiss the petition without prejudice, which was filed on March 14, 2011.

The named respondent has not appeared in the action. On March 4, 2011, the Court ordered petitioner to show cause why the petition should not be dismissed for failure to allege exhaustion of state court remedies. Petitioner then filed the instant motion for dismissal of the petition on the ground that the

1

petition was filed in this Court by mistake.

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper. Id.

Here, no answer or motion for summary judgment has been served or filed. Thus, Petitioner is entitled to dismissal.

Petitioner requests a dismissal without prejudice.

The dismissal of the petition will be denominated as a dismissal without prejudice. However, Petitioner is forewarned that there is a one-year limitations period in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. Id. The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

Accordingly, it is ORDERED that:

1) Petitioner's motion for voluntary dismissal is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED without prejudice; and

3) The Clerk is DIRECTED to close this action because this

2

1 | order terminates the proceeding in its entirety. IT IS SO ORDERED.

**Dated:   May 2, 2011**                              /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE